IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT KRAMER and JAYNE KRAMER,<br><br>Plaintiffs,<br><br>vs.<br><br>CEQUENT CONSUMER PRODUCTS, INC. and HIGHLAND GROUP, INC., BRIGGS AND STRATTON, and MURRAY, INC.,<br><br>Defendants. | CASE NO.: 4:08-cv-03020<br><br>ANSWER OF DEFENDANTS CEQUENT PRODUCTS, INC. AND HIGHLAND GROUP, INC. |

COME NOW these Defendants, and for their Answer to the Plaintiffs' Complaint:

1. Admit so much of paragraph 1 of Plaintiffs' Complaint as alleges that defendant Cequent Consumer Products, Inc., has its principal place of business in Ohio, but the balance of the allegations in paragraph 1 pertaining to these answering defendants are denied and the balance of the allegations in paragraph 1 pertaining to other defendants is also denied.

2. Admit so much of paragraph 2 of Plaintiffs' Complaint as alleges that these answering defendants sold a product called "Ramparts;" but denies the balance of paragraph 2.

3. Deny all other allegations contained in the Plaintiffs' Complaint except those previously admitted.

4. Allege that at all times herein material, defendant Highland Group, Inc., was a brand name used by Defendant Cequent Consumer Products, Inc.

## AFFIRMATIVE DEFENSES

5. Allege that any injury or damage which Plaintiffs may have sustained was proximately caused or contributed to by the negligence of the first-named Plaintiff, in a degree sufficient to bar the Plaintiffs' recovery, or in the alternative, that the first-named Plaintiff's comparative fault was to such an extent or degree so as to reduce Plaintiffs' damages commensurately or proportionately with the degree of fault applicable to the first-named Plaintiff.

6. Allege that the first-name Plaintiff assumed the known risk of harm.

7. Allege that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

8. Allege that Plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

9. Allege that any of these answering Defendants' products, as alleged in Plaintiffs' Complaint, would have conformed with the state of existing scientific, technological, and industrial art at all times herein material.

10. Allege that the alleged injuries and/or damages of Plaintiffs, if any, are the result of the negligent acts or omissions of other persons, firms, corporations, or entities over whom these answering Defendants are not legally responsible, and which jointly or singularly were the sole proximate, producing, superseding, intervening, or other cause of all or part of the alleged injuries and damages for which the Plaintiffs seek recovery.

11. If the Plaintiffs suffered damages as a proximate result of any condition of a product manufactured, distributed, or sold by these answering Defendants, which these Defendants deny, then any such product would have been supplied to an employer of the first-named Plaintiff, which employer was a knowledgeable and sophisticated user of said products with adequate warnings or instructions, or with the knowledge of such information contained in the warnings, and therefore, these answering Defendants had no further legal duty to warn or instruct the first-named Plaintiff.

12. The alleged injuries and/or damages of Plaintiffs, if any, were caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the products alleged in Plaintiffs' Complaint.

13. The Plaintiffs' claims are barred in whole or in part because the Plaintiffs failed to take reasonable efforts to mitigate any and all damages.

14. The alleged injuries and/or damages of Plaintiffs, if any, were the result of an unavoidable accident for which these answering Defendants are not responsible.

15. Any damages claimed by the Plaintiffs against these answering Defendants were caused by intervening acts and/or omissions of their parties.

16. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs failed to join parties and those persons or entities are necessary to this action and a complete and equitable resolution of this action cannot be made without the presence of those parties.

WHEREFORE these answering Defendants pray that the Plaintiffs' Complaint be dismissed at the Plaintiff's costs. Further, these answering Defendants request a jury trial.

CEQUENT CONSUMER PRODUCTS, INC. and HIGHLAND GROUP, INC., Defendants

By: Baylor, Evnen, Curtiss, Grimit & Witt LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508

By: /s/ Walter E. Zink II
Walter E. Zink II, # 14669

## CERTIFICATE OF SERVICE

I hereby certify that on February 21st, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

George H. Moyer, Jr.
PO Box 510
Madison, NE 68748-0510

And the undersigned sent the foregoing pleading via U.S. Mail this 21st day of February, 2008 to the following:

Briggs & Stratton
401 K
Wauwatosa, WI 53222

Murray, Inc.
219 Franklin Road
Box 268
Brentwood, TN 37027

By: /s/ Walter E. Zink II
Walter E. Zink II, # 14669